IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v.  : | |
| : | NO. 15-41-1 |
| ALEXANDRO GERANDINO-ARACENA : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                   **August  23, 2023**

Defendant Alexandro Gerandino-Aracena filed a motion for compassionate release from his 262-month sentence on the grounds that his underlying medical conditions put him at increased risk of suffering fatal complications should he contract COVID-19.  Because Aracena fails to show that the risks to his health posed by the prison setting warrant granting him early release, his motion shall be denied.

**FACTUAL BACKGROUND**

On September 4, 2015, Aracena was named along with five others, in a criminal complaint as participating in a conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II) and 846.  ECF No. 1.  On January 15, 2016, he was subsequently charged in a Superceding Indictment with Conspiracy to Distribute Narcotics, a violation of 21 U.S.C. § 846 (Count One), Attempted Possession with Intent to Distribute Narcotics in violation of 21 U.S.C. § 841(a)(1) (Count Two), Possession of a Firearm During Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three) and Possession of a Firearm by an Illegal Alien, a violation of 18 U.S.C. § 922(g)(5) (Count Five).  ECF No. 114. Following a four-day jury trial, Aracena was convicted on April 14, 2016 on all four counts.  ECF

No. 198. He was sentenced on January 11, 2017 by Judge Curtis Gomez to a total term of 262 months' imprisonment. ECF Nos. 247, 258. Aracena appealed, and his judgment of conviction and sentence were affirmed by the Third Circuit on March 21, 2019. ECF No. 266.

Aracena filed his motion for compassionate release on August 31, 2020. ECF No. 275. He was and is incarcerated at FCI Coleman Low in Sumterville, Florida and has a projected release date of April 11, 2034. Gov.'s Opp. Def's Mot. Comp. Rel. 1-2, ECF No. 276; *see also Find an Inmate,* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc. Aracena avers he is obese: he is 65 inches tall, weighs 197 pounds and has a BMI of 33 and has a family history of high blood pressure, heart conditions, liver disease, diabetes and obesity. Def's Mot. Comp. Rel. ¶ 8, ECF No. 275. Aracena complains of the conditions at FCI Coleman Low, where he is housed in an open bay dormitory with two other inmates in a 10' by 8' cubicle with walls just five feet tall. *Id.* ¶ 3. The cubicles have no doors and it is possible to see from one end of the dorm to the other. *Id.* The dormitory houses approximately 160 inmates, despite having been designed for 125 inmates. *Id.* Aracena further takes issue with the prison's cleaning and COVID testing protocols and the Personal Protective Equipment (PPE) distributed by the institution, and claims prisoners and staff have not complied with the mandates regarding wearing the PPE. *Id.* ¶¶ 4-6. In addition to claiming he should be released early because of the threat posed by COVID-19 to his health, Aracena points to his good behavior while incarcerated, his participation in prison programming, his steady employment while imprisoned, and his acquisition of a GED, trade skills and proficiency in English over the course of his confinement. *Id.* ¶¶ 10-11. Finally, Aracena asserts he has a place to reside in Santo Domingo where he has many family members to support his re-entry into society. *Id.* ¶ 9.

DISCUSSION

Aracena invokes 18 U.S.C. § 3582(c)(1)(A) as the basis for his request for early release. Generally, a judgment of conviction that includes a sentence of imprisonment is final and cannot be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). One such limited circumstance is found in 18 U.S.C. §3582(c)(1)(A) and permits the "compassionate" release of inmates as follows:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> >
> > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . .

Thus,

> a sentencing court may reduce an inmate's term of imprisonment only if the following four conditions are met: (1) the inmate must satisfy an administrative exhaustion requirement; (2) the court must find that 'extraordinary and compelling reasons warrant such a reduction'; (3) any reduction granted by the court must be consistent with any applicable policy statements issued by the Sentencing Commission; and (4) the proposed reduction must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a).

3

*United States v. Georgiou*, Crim. No. 09-088, 2021 U.S. Dist. LEXIS 55245, at *10-11 (E.D. Pa. Mar. 23, 2021).  It is the defendant's burden to "prove extraordinary and compelling reasons exist," and this burden rests on the defendant by a preponderance of the evidence.  *United States v. Griffin*, Crim. No. 07-304-2, 2023 U.S. Dist. LEXIS 110258 at *5 (E.D. Pa. June 27, 2023); *United States v. Higginbotham,* Crim. No. 19-250, 2023 U.S. Dist. LEXIS 79246, at *8 (W.D. Pa. May 3, 2023). Finally, district courts are vested with discretion in their weighing of the § 3553(a) factors and in determining motions for compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

Regarding exhaustion, Aracena avers he submitted the Reduction in Sentence Application form to the Warden of FCI Coleman Low on July 28, 2020, but she denied his request "with a boilerplate letter on the day of July 24, 2020."[1]  Mot. Comp. Rel. 2-3, ECF No. 275.  Aracena has thus satisfied the administrative pre-requisite for consideration of his motion.

In ascertaining whether Aracena has shown that extraordinary and compelling reasons warranting a sentence reduction exist in his case, the Court first notes that while the Sentencing Commission recently submitted to Congress amendments to the Sentencing Guidelines, policy statements and commentary, the Commission specified an effective date of November 1, 2023. *See* 88 Fed. Reg. 28254, May 3, 2023.  Therefore, the existing Policy Statement, codified at U.S.S.G. § 1B1.13, is still in effect and is still not binding in cases where the motion is filed by the defendant himself.  Nevertheless, the existing Statement, much of the Commentary to which is encompassed in the soon-to-be-effective revised Policy Statement, continues to "shed[] light on the meaning of extraordinary and compelling reasons" and is properly considered here. *See United*

---

[1]  Aracena attached a copy of the letter he received in response to his request for early release which reflects that while it was dated July 24, 2020, Warden Lane signed it on July 31, 2020. Def's Mot. Comp. Rel., Ex. C, ECF No. 275.

4

*States v. Andrews*, 12 F.4th 255, 259-260 (3d Cir. 2021). Under the Commentary to the existing Policy Statement and the revised Policy Statement, extraordinary and compelling reasons exist based on the defendant's medical condition where the defendant is either suffering from a terminal illness, or is suffering from a serious physical or medical condition, a serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process "which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n. 1(A). Extraordinary and compelling reasons may also exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* at cmt. n.1(B). Such circumstances may additionally be presented where the caregiver of a defendant's minor children dies or becomes incapacitated, or a defendant's spouse or registered partner for whom the defendant would be the only caregiver becomes incapacitated. *Id.* at cmt. n.1(C). Finally, the Policy Statement also contains a catchall provision giving "the Director of the BOP the authority to determine if 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other categories." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396-397 (E.D. Pa. 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)). The Policy Statement commentary specifies, however, that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13 cmt. n.3.[2]

---

[2] Under the revised version of the Policy Statement, extraordinary circumstances may also exist where the defendant shows he or she (1) is housed at a correctional facility affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or public health emergency declared by appropriate federal, state or local authority, (2) is at increased risk of suffering severe medical complications as a result of exposure to such infectious disease/health emergency due to

Aracena raises his purported obesity and family medical history and his purported rehabilitation in conjunction with the crowded conditions of confinement existing in his facility as constituting extraordinary and/or compelling grounds justifying his early release.[3]  In so doing, however, Aracena has provided no objective evidence to support these claims. First, nothing in the record reflects his medical history, height, weight, or other relevant health markers.  Although his Summary Reentry Plan Progress Report contains a few passing references to his health, it states only that his care assignments are "Healthy or Simple Chronic Care," and "Care 1 Mental Health," that he has no medical or apparent dietary restrictions and that he was quarantined for COVID-19 on July 7, 2020.  Def's Mot. Comp. Rel. Ex. B, ECF No. 275.  As for the conditions of his confinement, Aracena has provided only what appears to be a hand-drafted outline/picture of the layout of his dormitory.  *Id.* at Ex. D.  Aracena also has attached copies of his wage stub, GED, Certificate of Completion of his English as a Second Language Course, and his Summary Reentry Plan Progress Report outlining several other complete coursework and programs along with his

---

personal health risk factors and custodial status, and (3) these dangers cannot be adequately mitigated in a timely fashion. U.S.S.G. § 1B1.13(b)(1)(D) (revised).  The revision also recognizes that extraordinary and compelling circumstances justifying sentence reduction may be presented by defendants who are victims of sexual abuse in the prison setting and provides that a change in the law may be considered in cases where a defendant received an unusually long sentence of which he or she has served at least ten years of the term imposed, but only where there is a gross disparity between the sentence being served and that which would be imposed at the time the motion for sentence reduction is filed.  U.S.S.G. §§ 1B1.13(b)(4), (6) (revised).  Rehabilitation alone continues to *not* constitute an extraordinary or compelling reason under the revision. U.S.S.G. § 1B1.13(d) (revised).

[3]  Presently, COVID-19 appears to pose no significant threat to the vast majority of inmates at FCI Coleman Low as it is currently operating at Operations Level 1 with a medical isolation rate at less than 2% and less than 100 COVID-positive cases per 100,000 people in the surrounding community over the last seven days.  Operations Level 1 requires no modifications to cohorting and normal operations in programming, visiting, barber/beauty shop, recreation, law library, laundry and commissary.  *COVID-19 Operations Plan & Matrix,* FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19/modified_/operations_guide.jsp.

low risk pattern scoring qualifying him for minimum security housing. *Id.* at Ex. B. Although this evidence shows Aracena has been a well-behaved inmate who has benefited from prison programming, it does not demonstrate he is at any significant risk from COVID-19 and, as noted, rehabilitation alone is insufficient grounds for compassionate release. The Court does not find the scant evidence provided supports a finding that extraordinary and compelling reasons exist to warrant Aracena's early release. Because Aracena, as the defendant, bears the burden of proving that extraordinary and compelling circumstances exist, in the absence of such proof, he has not met his burden. His motion must therefore be denied.[4]

**CONCLUSION**

For all of the reasons outlined above, the Court cannot find that any of the facts presented in this matter constitute the requisite "extraordinary and compelling reasons" which would warrant a reduction in Aracena's sentence. His motion is denied.

An appropriate Order follows.

---

[4] Additionally, even in the event the Court would need to consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, Aracena would still not qualify for the relief sought. Specifically, the sentencing factors applicable to Aracena's case are: the nature and circumstances of the offense and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment therefor, adequately deter criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment; the kinds of sentences available and the sentencing ranges established; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1) – (7). Although the undersigned was not the sentencing judge in this case, it is clear from the record that the crimes of which Aracena stands convicted are very serious and that the sentence imposed was appropriate to reflect the seriousness of the offenses, provide just punishment, deter criminal conduct, and protect the public from Aracena committing further crimes. The Court also finds that while Aracena has availed himself of several prison programs, he can unquestionably derive further benefit from participating in more of them and from receiving additional vocational training. For these reasons too, his motion for compassionate release will be denied.

BY THE COURT:


/s/ Juan R. Sánchez
_____
Juan R. Sánchez,       J.