IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 15-41 |
| ALEXANDRO GERANDINO-ARACENA : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                      **November 7, 2023**

Alexandro Gerandino-Aracena ("Aracena") moves for resentencing under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The record conclusively shows there is no merit to Aracena's claim, and even if there was, his sentence would remain unchanged. Therefore, his § 2255 motion shall be denied without a hearing.

**FACTUAL BACKGROUND**

On September 4, 2015, Aracena was named in a criminal complaint as one of five participants in a conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 846. ECF No. 1. On January 15, 2016, he was subsequently charged in a superseding indictment with conspiracy to distribute narcotics, a violation of 21 U.S.C. § 846 (Count One); attempted possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Five). ECF No. 114. Following a four-day jury trial, Aracena was convicted on April 14, 2016 on all four counts. ECF No. 198. He was sentenced on January 11, 2017 to a total term of 262 months' imprisonment. ECF Nos. 247, 258. Aracena appealed, and the Third Circuit affirmed his judgment and sentence on March 21, 2019.

1

ECF No. 266.  Aracena filed this § 2255 motion on March 19, 2020, alleging that his trial and appellate counsel were ineffective because they did not challenge the Court's failure to instruct the jury that it must find Aracena knew he was an illegal alien to convict him on Count Five.[1]  Mot. to Vacate, Set Aside or Correct Sentence 5-7, ECF No. 267.  The Government opposes Aracena's motion.  Gov't's Opp'n Def.'s Mot. to Vacate, ECF No. 274.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released" if (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose the sentence or it exceeded the maximum authorized by law, or (3) it is "otherwise subject to collateral attack."  Relief may be granted only if an error of law or fact occurred, and the error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citations omitted).  Habeas corpus petitions prepared by a prisoner without legal assistance may not be skillfully drawn and are to be liberally construed.  *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).  Despite this liberal construction, a pro se prisoner must nevertheless "plead facts in support of his claim which entitle him to relief."  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  In reviewing the petition, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," and "is required to hold an

---

[1] In January 2022, Aracena sought to stay and amend his § 2255 motion to add a claim pursuant to the Due Process Protection Act.  ECF Nos. 299, 300.  Because the due process ground set out an entirely new claim for relief that was not based on a common core of operative facts as those raised in Aracena's pending § 2255 motion, it did not relate back to the original motion as required by Federal Rule of Civil Procedure 15(c) and hence those motions were denied.  ECF No. 325.

2

evidentiary hearing unless the motion and files and records of the case conclusively show that the movant is not entitled to relief." *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (internal quotation marks and citation omitted). Further, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Id*. (citation omitted ).

**DISCUSSION**

As noted, Aracena moves for relief from his sentence on Count Five for being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5), based on alleged ineffective assistance of counsel. Specifically, pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Aracena argues his counsel was ineffective for failing to ask for a jury instruction regarding Aracena's knowledge of his immigration status at the time he possessed the firearm. *Rehaif* held that in prosecutions under §§ 922(g) and 924(a)(2), the Government must prove the defendant: (1) possessed a firearm, and (2) knew he belonged to one of the categories of people who were barred from doing so. *Rehaif*, 139 S. Ct. at 2200.

To prevail on an ineffective assistance of counsel claim, a defendant must establish first, his counsel's performance was deficient, *i.e.*, that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show the deficient performance prejudiced the defense. *Id.* The proper standard for judging an attorney's performance is that of reasonably effective assistance under prevailing professional norms. *Strickland*, 466 U.S. at 688. Because:

> [n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel . . . , courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  In undertaking this review, "judicial scrutiny of counsel's performance must be highly deferential." *Id*.

Neither Aracena's trial nor his appellate counsel was ineffective.  Aracena was tried and convicted on April 14, 2016, more than three years before the Supreme Court decided *Rehaif*.  Thus, at the time of trial, the Government was not required to show Aracena knew he possessed a firearm and knew he was prohibited from doing so by virtue of his illegal immigration status at the time of his trial to obtain a conviction for violating § 922(g)(5).  Accordingly, his counsel did not err for failing to raise this issue at trial or on direct appeal.

Moreover, even in the event there was error, Aracena cannot show prejudice.  In considering the prejudice prong, courts must "ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 944 (3d Cir. 2019).  This requires a substantial, not just a conceivable likelihood of a different result. *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011).  Aracena was convicted on four separate Counts and the sentences which he received on Counts One, Two, and Five were imposed to run concurrently.  Aracena's sentence on Counts One and Two (for conspiracy to distribute narcotics and attempted possession with intent to distribute narcotics) was for 202 months and his sentence on Count Five (possession of a firearm by an illegal alien) was for 120 months.  Only his sixty-month sentence on Count Three (for possession of a firearm during a drug trafficking crime) was imposed consecutively.  Thus, even if this Court were to vacate Aracena's 120 month sentence on

Count Five, he would not be entitled to relief.[2]  For these reasons, Aracena is not entitled to any relief under § 2255, and his motion is therefore denied.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____
Juan R. Sánchez,            J.

---

[2]  Furthermore, under the concurrent sentence doctrine, the Court has discretion to avoid resolution of legal issues affecting less than all counts in an indictment where at least one count will survive and the sentences on other counts are concurrent.  *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022).  "The concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence."  *Id.* (citing *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986)).  Use of the doctrine is discretionary but it "may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable."  *Id.* (citing *Barnes v. United States*, 412 U.S. 837, 848, n. 16 (1973) and *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)).